# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| **LISA M. BAUBEAU,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 7:18-cv-1369-CLS** |
| | ) | |
| **NANCY A. BERRYHILL, Acting** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Claimant, Lisa Baubeau, commenced this action on August 28, 2018, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by

substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly evaluated her subjective complaints of pain and the effects of her non-exertional impairments. Upon review of the record, the court concludes that these contentions lack merit, and the Commissioner's ruling is due to be affirmed.

To demonstrate that pain or another subjective symptom renders her disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony of pain, "he must articulate explicit and adequate reasons" for doing so. *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ in the present case properly applied these legal principles. He found that claimant's medically determinable impairments could reasonably be expected to cause the symptoms she alleged, but that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely

consistent with the medical evidence and other evidence in the record."[1]  That

conclusion was in accordance with applicable law.  *See Marbury v. Sullivan,* 957 F.2d

837, 839 (11th Cir. 1992) ("*After* considering a claimant's complaints of pain, the

ALJ may reject them as not creditable, and that determination will be reviewed for

substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984))

(emphasis supplied).

The ALJ also adequately articulated reasons to support his findings.  Claimant

argues the ALJ only considered snapshots of her pain ratings from visits to various

medical providers, but that contention is not consistent with the ALJ's decision.

Instead, the ALJ relied on detailed medical findings, including MRI and x-ray results,

treatment records, and evaluations conducted by medical providers.[2]  With regard to

claimant's non-exertional impairments, including depression, post-traumatic stress

disorder (PTSD), and attention deficit hyperactivity disorder (ADHD), the ALJ relied

upon the consistency of claimant's complaints with her treatment notes as a whole,

not just snapshots of her level of functioning at various times.[3]  Claimant's mental

health treatment records do not reflect a need for greater limitations than those

assessed by the ALJ.[4]

---

[1] Tr. 61 (ellipsis supplied).

[2] Tr. 63-65.

[3] Tr. 61-62.

[4] *See* Tr. 59 (finding that claimant could perform a limited range of sedentary work, with

Claimant also asserts that the ALJ gave too much weight to her limited daily activities, but the ALJ did not mention claimant's daily activities at all when discussing the effects of claimant's physical impairments. With regard to claimant's mental impairments, the ALJ stated that his mental residual functional capacity findings were supported by claimant's "reported activities of daily living, including that she lives by herself independently and that she goes to casinos and does her own shopping in stores — though she reports she attempts to avoid large crowds when she does these activities . . . ."[5] While the ALJ may appropriately consider a claimant's daily activities in evaluating the consistency of the claimant's subjective complaints with the other evidence of record, *see* 20 C.F.R. § 404.1529(c)(3)(i), the Eleventh Circuit has disavowed the notion that "participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from disability." *Lewis v. Callahan,* 125 F.3d 1436, 1441 (11th Cir. 1997). Thus, it would have been inappropriate for the ALJ to conclude that claimant was able to work based *solely* upon her limited daily activities, but that was not the ALJ's only consideration. As discussed above, he also relied upon claimant's medical records, and his conclusions

---

additional non-exertional impairments, including: "she can understand and remember short and simple instructions, but not detailed or complex instructions; can do simple, routine, repetitive tasks, but not detailed or complex tasks; should have no more than occasional contact with the general public and occasional contact with co-workers; and can deal with changes in the workplace if they are introduced occasionally and gradually and are well-explained").

[5] Tr. 62.

were supported by substantial evidence.

Finally, claimant asserts that the ALJ improperly considered statements from two of claimant's mental health treatment providers. The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 404.1527(d).

Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors.

*See* 20 C.F.R. § 404.1527(c).  *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075

(11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends

upon the extent to which they are supported by clinical or laboratory findings and are

consistent with other evidence as to claimant's impairments.").

Dr. Mohammed Islam, claimant's treating psychiatrist, submitted a letter on

February 23, 2018, stating:

> I am writing this letter at the request of Ms. Baubeau.  She is seen
> at the mental health center at the Tuscaloosa Veterans Affairs Medical
> Center (TVAMC).  She is diagnosed to have chronic Post Traumatic
> Stress Disorder, Military sexual trauma, Major Depressive Disorder and
> insomnia.  She is receiving treatment for her condition and is currently
> disabled.  Any help in this regard will be highly appreciated.

Tr. 1261.  The ALJ erroneously failed to mention Dr. Islam's opinion, much less state

or explain the weight he afforded to that opinion.  Even so, the ALJ's error was

harmless.  Dr. Islam did not provide any information about claimant's level of mental

or emotional functioning. The mere fact that she has received multiple mental health

diagnoses is not sufficient to support a finding of disability.  *See* 20 C.F.R. §

404.1505 (defining a disability as "the inability to do any substantial gainful activity

by reason of any medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to last for a

continuous period of not less than 12 months"); *Bowen v. Yuckert,* 482 U.S. 137, 146

(1987) ("The [Social Security] Act 'defines "disability" in terms of the effect a

physical or mental impairment has on a person's ability to function in the workplace.'") (alteration supplied) (quoting *Heckler v. Campbell,* 461 U.S. 458, 459-60 (1983)). Moreover, Dr. Islam's conclusory statement about claimant's disability is not entitled to controlling consideration, because the determination of disability status is for the Commissioner, not for a medical provider.

Kristi Clements, a psychologist with the Department of Veterans Affairs, also completed a Mental Disorders Disability Benefits Questionnaire on February 24, 2016. She indicated that claimant experienced depressive disorder with anxiety and features of PTSD. She also checked a box indicating that the best summary of claimant's mental occupational and social impairment was: "Occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care and conversation."[6] The ALJ found Clements' opinion to be persuasive because it was "well supported by objective evidence and . . . generally consistent with the other evidence."[7] Claimant does not dispute that the ALJ's decision was consistent with the record, and, indeed, it was supported by substantial evidence. Instead, claimant asserts that Clements' opinion "actually supports a finding of disability in that it substantiates the opinion of the VE

---

[6] Tr. 2206.

[7] Tr. 62.

that she would be off-task more than tolerated by employers in the national economy."[8]  The vocational expert (VE) did not offer any opinions during the administrative hearing about how claimant's *mental* limitations might affect her ability to stay on task.  Instead, he testified that if claimant were only able to sit or stand for five minutes at a time, she would be off task more than ten percent of the day and would therefore be unable to perform any work in the national economy.[9] There is no connection between that testimony and Clements' opinion, and there is nothing else in the record to indicate that Clements' opinion would support a complete inability to work.

In summary, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.  Accordingly, the decision of the Commissioner is due to be affirmed.  A separate final judgment will be entered contemporaneously herewith.

DONE this 11th day of June, 2019.

_____
United States District Judge

---

[8] Doc. no. 14 (claimant's brief), at 12.

[9] Tr. 97.